The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HECTOR HERNANDEZ-MORENO,<br><br>　　　　　　　　Defendant. | NO.  2:14-cr-00197-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Hector Hernandez-Moreno's *pro se* motion for compassionate release. Dkt. 443. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Hernandez-Moreno is an inmate currently detained at Giles W. Dalby Correctional Institution (CI Dalby), with a projected release date of January 14, 2023. On January 8, 2016, he entered pleas of guilty to one count of Conspiracy to Distribute Controlled Substances, specifically methamphetamine, heroin and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and one count of Money Laundering, in violation of Title 18, United States Code, Sections 1957 and 2. Dkt. 329. On April 15, 2016, this Court sentenced Mr. Hernandez-Moreno to 120 months in custody, to be followed by five years of supervised release. Dkt. 352.

ORDER - 1

Mr. Hernandez-Moreno now moves for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and grant his immediate release. Dkt. 443.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care

within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Hernandez-Moreno's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

///

**B. Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Hernandez-Moreno's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). As he is currently housed at a contract Bureau of Prisons (BOP) facility, Mr. Herndandez-Moreno states that he is without an administrative remedy to exhaust. He does indicate, however, that shortly after his arrival at CI Dalby, he made a request for release to the Warden, and received no response. Dkt. 443.

The government indicates that Mr. Hernandez-Moreno's motion fails to provide evidence that he has made such a request to the Warden of his facility, but given his statement that he submitted a request, and more than 30 days have passed since the request was purportedly made, the government concedes the exhaustion requirement has been met. Dkt. 453.

The Court finds that no evidence has been presented that a request was made to the Warden, nor that Mr. Hernandez-Moreno received a response. Despite this, the Court elects to rule on the merits of Mr. Hernandez-Moreno's motion based upon the combination of Mr. Hernandez-Moreno's representations and the government's concession.

**C. Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Hernandez-Moreno's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Hernandez-Moreno bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

1     Mr. Hernandez-Moreno argues that his medical conditions, specifically type II diabetes, and hypertension, make him particularly susceptible to suffering complications should he contract coronavirus-19 (COVID-19). Dkt. 443.

    Mr. Hernandez-Moreno also argues that the conditions at CI Dalby place him at further risk of contracting the virus, highlighting the overcrowding and the impossibility of maintaining social distancing, the use of shared amenities and facilities, and the lack of testing for the virus. Dkt. 443.

    The government argues that the grounds set forth by Mr. Hernandez-Moreno do not support compassionate release given his relatively young age (42 years old) and the fact that as of April 8, 2021, he received the Janssen (Johnson & Johnson) vaccine and thus is substantially protected against developing severe complications resulting in hospitalization or death should he become infected with the virus. Dkt. 453.

    The government indicates that Mr. Hernandez-Moreno's medical records from the BOP confirm a diagnosis of type II diabetes, which is being treated with Metformin, and is considered "mild," "non-insulin dependent," and "[w]ell-controlled." Dkt. 445 at 2, 17, 23. The government highlights that the medical records also provide evidence that recently, in April 2021, Mr. Hernandez-Moreno refused a test that would assist in treating and managing his diabetes, increasing the likelihood of further medical problems and even death if his diabetes is not properly managed and controlled. Dkts. 445, 453.

    The government argues that while the medical records do not provide evidence of a diagnosis of hypertension, they reflect that Mr. Hernandez-Moreno has been prescribed lisinopril, which is typically prescribed to treat hypertension. Dkt. 445 at 2, 17. The medical records reflect that over the past several months most of Mr. Hernandez-Moreno's blood pressure readings have fallen into the normal range (<120/80), two readings were considered high (>140/90), and none were considered severe (>180/120). Dkt. 445 at 4, 19, 35.

    The government indicates that Mr. Hernandez-Moreno's type II diabetes and hypertension fall within the now-combined list maintained by the Centers for Disease

Control and Prevention (CDC) of those medical conditions that the CDC concluded definitely place an individual at greater risk of developing complications and those factors that "might" raise an individual's risk. Dkt. 453. However, the government argues that Mr. Hernandez-Moreno has presented no evidence that CI Dalby is unable or unwilling to properly address and manage his medical needs, and that, in fact, Mr. Hernandez-Moreno is putting himself at increased risk through his refusal of offered medical care and treatment. Dkt. 453.

In response to Mr. Hernandez-Moreno's claims regarding the conditions of his confinement during the pandemic, the government sets forth the substantial measures the Bureau of Prisons is taking to combat the spread of the virus. Dkt. 453.

To a certain degree, the Court agrees with the government that Mr. Hernandez-Moreno's receipt of the vaccination moots all of his arguments about his vulnerability to COVID-19. While no vaccine is 100% effective, it substantially reduces the likelihood of Mr. Hernandez-Moreno contracting the virus. He is thus left with just the argument of his fear of contracting the virus. While concerns about contracting the virus are certainly understandable, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *See, United States v. Eberhart,* _F. Supp. 3d_, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *United States v. Stanard,* 2020 WL 221948 (W.D. WA. May 7, 2020) and *United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020).

**D. Safety of Others**

The Court next turns to whether Mr. Hernandez-Moreno presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and

characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Hernandez-Moreno argues that he would not pose a danger to the community, given that he would most likely be deported to his home country of Mexico should the Court grant his motion for immediate release. Dkt. 443.

The government counters that Mr. Hernandez-Moreno remains a danger, highlighting his role in this current offense, which included recruiting, organizing, leading, and supervising others in a criminal organization responsible for the distribution of large amounts of drugs into the community. While agreeing that Mr. Hernandez-Moreno will likely be deported once he completes his sentence, the government argues that the danger he poses to the community is not mitigated given his substantial incentive to return to America, his home for the majority of his life, and where most of his family members reside. Dkt. 453.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Hernandez-Moreno's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Hernandez-Moreno argues that the Court should reweigh the § 3553(a) factors in light of the severe conditions under which he has been serving his sentence during the COVID-19 pandemic, indicating that such conditions are more punitive than the Court could have contemplated at the time of his original sentencing. Dkt. 443.

The government disagrees and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of this offense, continue to support the 120-month sentence originally imposed by this Court. Dkt. 453.

The Court agrees with the government and finds no justification to alter the previously imposed sentence.

### III. CONCLUSION

For the foregoing reasons, Defendant Hector Hernandez-Moreno's motion for compassionate release is **DENIED**.

DATED this 23rd day of August 2021.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge